UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRACEE RAINEY AND<br>LOUIS RAINEY | CIVIL ACTION |
| VERSUS | NO. 07-8661 |
| ALLSTATE INSURANCE<br>COMPANY | SECTION: "C" (1) |

## ORDER

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs filed suit in state court for damages caused by Hurricane Katrina and allegedly due under their insurance policy with Allstate Insurance Company ("Allstate"). Allstate removed based on diversity. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

First, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De*

1

*Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

Allstate claims that plaintiffs' policy limit ($147,214) demonstrates that more than $75,000 is in controversy. However, Allstate has made payments ($29,807.05) to the plaintiffs under the homeowner's policy. Additionally, the plaintiffs have received $90,000 in flood insurance proceeds. This Court has ruled that in cases such as this, flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of indemnity. *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]

---

[1] The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

Furthermore, no allegations have been made that the pre-Katrina value of the property was in excess of either the policy limits or that the policy provides for reconstruction cost in excess of the policy limits. Indeed, the plaintiffs have not even claimed that the residence was a total loss. The Court notes that it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

Allstate's argument for diversity jurisdiction is largely based on the amount remaining under the policy limits and the possibility of penalties and fees. However, neither party has presented any affirmative proof as to the value of the damages in this dispute. Under these circumstances, Allstate's assertions are insufficient to invoke diversity jurisdiction. Because the property has not been identified as a total loss, the policy limits are an inappropriate guide for determining the jurisdictional minimum. Additionally, the remaining coverage is affected by any insurance payments made. Thus, the defendant has not made a showing "sufficiently particularized" to meet its burden. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the

Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE